UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELISHA CIMEON JOHNSON, APRIL HARESCO, and A.J., a minor child, by her general guardian or next friend April Haresco,<br><br>                Plaintiffs,<br><br>        v.<br><br>JEREMY ENGBAUM, in his individual capacity, and CITY OF BUHL, IDAHO,<br><br>                Defendants. | Case No. 1:24-cv-00218-REP<br><br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFFS' MOTION TO STRIKE** |

Pending is Plaintiffs' Motion to Dismiss or Strike Defendants' Affirmative Defenses (Dkt. 6).  All parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  Dkt. 10.  For the reasons set forth below, the Court will grant the motion in part and deny the motion in part.

## PROCEDURAL HISTORY

This civil rights lawsuit arises from the December 21, 2023 detention and arrest of Plaintiff Elisha Cimeon Johnson.  *See generally* Compl. (Dkt. 1).  The arrest occurred at Mr. Johnson's home, in the presence of his wife, Plaintiff April Haresco, and his four-year-old daughter, Plaintiff A.J.  *Id.* ¶¶ 5-10.  Plaintiffs allege that City of Buhl police officials violated their constitutional rights when they unlawfully entered the family home and tased Mr. Johnson. *Id.* ¶¶ 309-525.  On June 18, 2024, Defendants filed an answer asserting fifteen affirmative defenses.  Plaintiffs have moved to strike these defenses as inadequately pleaded.  Pl.'s Mtn at 2 (Dkt. 6).

**MEMORANDUM DECISION AND ORDER – PAGE 1**

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  A defense may be insufficient as a matter of law or as a matter of pleading. *Precise Innovations, LLC v. Aerospace Eng'g & Support, Inc.*, No. 4:21-CV-00420-BLW, 2022 WL 834632, at *4 (D. Idaho Mar. 21, 2022).  For example, the Court may strike a defense that is not "applicable as a matter of law." *Ehart v. Lahaina Divers, Inc.*, 92 F.4th 844, 849 (9th Cir. 2024).  In addition, the Court may strike a defense that does not satisfy the pleading requirements of Rule 8.  *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (discussing pleading standards in the context of a motion to amend).

## DISCUSSION

### A.  The Pleading Standard for Affirmative Defenses

Plaintiffs argue that the heightened pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) should apply to the pleading of affirmative defenses under Rule 8(c).  Defendants disagree.  They argue that the fair notice standard employed in *Wyshak* is the correct standard.  This question has divided district courts around the country, including those within the Ninth Circuit.  *Compare Spencer v. Jasso,* No. 1:20-CV-0909, 2024 WL 169315, at *3 (E.D. Cal. Jan. 16, 2024) (applying a fair notice standard) with *Il Fornaio (Am.) LLC v. Arthur J. Gallagher Risk Mgmt. Servs., LLC,* No. 23-CV-04378, 2024 WL 1199414, at *2 (N.D. Cal. Mar. 20, 2024) (applying the *Twombly/Iqbal* standard); *see also* Charles Alan Wright & Arthur R. Miller, 5 Federal Practice and Procedure §

1274 (4th ed.) (collecting cases and discussing the disagreement between courts).

Contrary to what Plaintiffs claim in the briefing, the judges in the District of Idaho have not coalesced on one side of this dispute. One judge has determined that the *Twombly/Iqbal* standard governs affirmative defenses. *See Precise Innovations, 2022 WL 834632, at \*4.* But three other judges have declined to extend *Twombly/Iqbal* to the pleading of defenses and have instead endorsed the fair notice standard. *See Falash v. Inspire Acads., Inc.,* No. 1:14-CV-00223-REB, 2015 WL 4656505, at \*2 (D. Idaho Aug. 6, 2015); *McBurney v. Lowe's Home Centers, LLC,* No. 1:13-CV-00540-ELJ, 2014 WL 2993087, at \*2–3 (D. Idaho July 2, 2014); *Lough v. Sun Healthcare Grp., Inc.,* No. 1:10-CV-600-EJL-MHW, 2011 WL 13227764, at \*2 (D. Idaho May 24, 2011).[1] While reasonable arguments can be made for both positions, the Court finds the latter line of cases more persuasive. The Court, accordingly, will assess the adequacy of Defendants' answer under the fair notice pleading standard.

B. Defendants' Negative Defenses

An affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Precise Innovations*, 2022 WL 834632, at \*3. As Plaintiffs point out, eleven of Defendants' fifteen "affirmative" defenses – Defense Nos. 1-3 and 5-12 – "purport" to dispute elements of Plaintiffs' claims and are not, consequently, true affirmative defenses. Plaintiffs ask the Court to strike these defenses as "invalid." *See generally* Pl.'s Mtn. to Strike (Dkt. 6-1). The

---

[1] Practice guides disagree on which approach has garnered the most support. *Compare* Wright & Miller § 1274 (opining that "the majority of courts have rightly held that Rule 8(c) does not warrant the extension of the *Twombly* and *Iqbal* standard to affirmative defenses") *with* Rutter Group Practice Guide, Federal Civil Procedure Before Trial Before Trial § 8:1050.15 (stating that "a majority of district courts (including district courts in the Ninth Circuit) have applied *Twombly/Iqbal* to affirmative defenses").

Court agrees with U.S. Magistrate Judge Candy W. Dale that such intervention serves no practical purpose. *See McBurney*, 2014 WL 2993087, at *3. Even if the Court were to grant Plaintiffs' motion to strike, Defendants' negative defenses would not evaporate; Plaintiffs would still carry the burden of proving their prima facie case throughout the litigation. *Id.*

In *Smith v. N. Star Charter Sch., Inc.*, No. 1:10-CV-618-WBS, 2011 WL 3205280 (D. Idaho July 26, 2011), for example, a visiting judge, who was faced with a motion like the one at issue here, granted the plaintiff's request to strike several negative defenses. *Id.* at *2. The judge noted, however, that his ruling did not "eliminate any of these issues from the case" or "preclude defendant from arguing any of them as part of defendants' denial of liability." *Id.* In other words, granting the motion to strike did nothing to streamline the case. The undersigned respectfully declines to participate in such pointless micromanaging of the pleadings. *See* Fed. R. Civ. P. 1 (directing that the Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

The purpose of Rule 8 is to provide litigants with fair notice of the claims and defenses. *Wyshak*, 607 F.2d at 827; *see also Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 593 (1st Cir. 1995) ("The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued."). Granting a hyper-technical and inconsequential motion to strike, like this one, runs counter to this purpose. Such motion practice diverts resources from substantive litigation and discourages, rather than encourages, defendants from flagging negative defenses in their answers. *McBurney*, 2014 WL 2993087, at *3. For these reasons, the Court denies Plaintiffs' motion to strike Defendants' negative defenses.

**MEMORANDUM DECISION AND ORDER** – **PAGE 4**

C. Defendants' Immunity Defense

Defendants' Fourth Affirmative Defense states: "These Defendants are immune from liability."  While defenses need not be lengthy to be adequately pleaded, the Court agrees with Plaintiffs that a blanket assertion of "immunity" does not provide Plaintiffs with fair notice of Defendants' potential immunity defense(s).  Immunity comes in many forms, including sovereign immunity, qualified immunity, and immunities under state law.  Plaintiffs are entitled to know what types of immunity Defendants are asserting.  The Court will strike this defense, but allow Defendants leave to amend their answer to specify the nature of the immunity or immunities they are asserting.  *See Precise Innovations*, 2022 WL 834632, at *4 ("Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party[.]") (citing *Wyshak*, 607 F.2d at 826).

D. Defendants' Thirteenth Affirmative Defense

Defendants concede that their Thirteenth Affirmative Defense is "premature."  The Court will accept this stipulation and strike the defense without prejudice to its later reassertion.

E. The Defense of Unclean Hands

Defendants' Fourteenth Affirmative Defense is that "Plaintiffs' claims are barred by the doctrine of unclean hands."  Courts have split over whether such boilerplate language provides fair notice to a plaintiff of an unclean hands defense.  *Compare Smith*, 2011 WL 3205280, at *3 (to survive a motion to strike under Rule 8(c), "defendants should allege what behavior gave plaintiffs unclean hands") *with Doe v. Regents of Univ. of California*, No. 22-CV-1506, 2024 WL 171387, at *3-4 (S.D. Cal. Jan. 16, 2024) (agreeing that a defendant must plead facts to support an unclean hands defense, but collecting contrary authority, which holds that "pleading only the name of a well-established, specific defense (e.g., unclean hands) is sufficient" under

Rule 8(c)).

As a general matter, the undersigned agrees with Defendants that a defendant need not always plead facts to support an affirmative defense. "What constitutes fair notice . . . depends on the nature of the defense being asserted." *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12-CV-01454, 2013 WL 4026366, at *4 (S.D. Cal. Aug. 6, 2013). For some defenses, like qualified immunity, boilerplate pleading of the name of the offense can be sufficient. *See Doe*, 2024 WL 171387, at *3. For other defenses, greater specificity is required. *Id.* at *3-4. In determining how much detail is necessary to plead a particular defense, "an inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose -- to act as a safeguard against surprise and unfair prejudice -- has been vindicated." *Williams*, 45 F.3d at 593. The Court need not determine where the defense of unclean hands falls on this spectrum.

Courts retain discretion to deny motions to strike where the moving party has not shown prejudice. *See Diamond Resorts U.S. Collection Dev., LLC v. Reed Hein & Assocs., LLC*, No. 2:17-CV-03007, 2020 WL 8475976, at *1 (D. Nev. May 13, 2020). Here, Defendants' response identifies the facts that allegedly support their unclean hands defense. D.'s Resp. at 9 (Dkt. 8). This response obviates any unfair surprise to Plaintiffs.[2] *See Wyshak*, 607 F.2d at 827 (finding that a generic statute of limitations defense was "adequately pleaded" based, in part, on information contained in the defendant's memorandum). The Court, accordingly, will deny Plaintiffs' motion to strike Defendants' unclean hands defense.

---

[2] Having provided an explanation of their unclean hands defense, it would be unfair for Defendants to ambush Plaintiffs with different allegations of misbehavior in the middle of the lawsuit, once discovery is closed or more limited. If Defendants uncover new information during discovery that would expand their unclean hands defense, they should timely move to amend the answer to alert Plaintiffs to the change.

F.  Defendants' Request to Add Additional Affirmative Defenses

Defendants' final "affirmative defense" is a reservation of Defendants' right to amend the answer to assert any additional affirmative defense uncovered during discovery.  As both parties recognize, this is not an affirmative defense.  The Court, however, declines to strike it for the same reason it is declining to strike Defendants' negative defenses.  This portion of the complaint is superfluous, but it is not inflammatory, scandalous, or prejudicial.  Striking it from the complaint does nothing to advance the case or reallocate the parties' rights and responsibilities.

## ORDER

IT IS HEREBY ORDERED that:

1.  Plaintiffs' Motion to Dismiss or Strike Defendants' Affirmative Defenses (Dkt. 6) is GRANTED in part and DENIED in part as follows:

    a.  The Court denies Plaintiffs' request to strike Affirmative Defenses Nos. 1-3, 5-12, and 14-15; and

    b.  The Court grants Plaintiffs' motion to strike Affirmative Defenses Nos. 4 and 13.

2.  The Court grants Defendants leave to file an amended answer identifying what kind of immunity or immunities they are asserting.  The amended answer must be filed by **August 16, 2024**.

DATED: August 07, 2024

Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER – PAGE 7**